# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-02192-SMS PC<br><br>ORDER (1) GRANTING MOTION TO DISMISS ADA AND RA CLAIMS; (2) DENYING MOTION FOR COUNSEL; (3) DISMISSING CDCR, OFFICIAL CAPACITY CLAIMS FOR DAMAGES, AND SECTION 845.6 CLAIM; AND (4) DISMISSING COMPLAINT WITH LEAVE TO AMEND EIGHTH AMENDMENT CLAIM<br><br>(Docs. 1 and 9)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Robert Coleman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2009.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Claims**

    **A.     Summary of Factual Allegations**

Plaintiff suffers from pterygium and dry eye syndrome, and the denial of medical appropriate care for those conditions is at issue in this suit.[1] Plaintiff is currently incarcerated at California State Prison-Corcoran (Corcoran), and he brings this action against the California Department of Corrections and Rehabilitation (CDCR), the Director of CDCR, the Deputy Director of the Health Care Services Division, Warden Derrall G. Adams, and Chief Medical Officer (CMO) Wong for violation of his rights under federal and state law. Plaintiff's claims arise from the denial of adequate medical care while he was at California State Prison-Lancaster (Lancaster) and at Corcoran.

On March 4, 2006, while at Lancaster, Plaintiff was pepper sprayed by Officer Palicios in retaliation for filing grievances. Medical Technical Assistant Banga denied Plaintiff's subsequent request for medical attention and falsely documented that Plaintiff sustained no injuries. Plaintiff

---

[1] Pterygium is a growth of the conjunctiva.

thereafter filed numerous requests for medical attention and inmate appeals, "just to receive appropriate medical care."[2] (Doc. 1, Comp., court record p. 15.)

On May 10, 2007, Plaintiff was seen by the ophthalmologist at Lancaster, who ordered prescription sunglasses, but did not remove the pterygium.

Plaintiff was transferred to Corcoran on November 4, 2007, at which time he continued to pursue removal of the pterygium. On February 10, 2009, Plaintiff had surgery to remove the pterygium on his right eye. The left eye was supposed to be scheduled at that time, but it was not done. Following surgery on his right eye, doctors prescribed eye drops and ointment, but staff at Corcoran did not provide the medication. Plaintiff is currently being denied his artificial tear drop medication, and he has not received the second eye surgery.

Plaintiff alleges that he has a serious eye condition, but his requests for appropriate medical care have been disregarded, causing him to suffer years of excruciating pain, discomfort, and visual impairment. Plaintiff alleges Defendants are responsible for the operation of the prison system and the delivery of health care to inmates.

### B. Proper Parties

The CDCR is not a proper defendant. The Eleventh Amendment bars suits against the state and its agencies. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the CDCR is entitled to dismissal from this action, with prejudice. Further, Plaintiff's claims for damages against state officials in their official capacities are barred by the Eleventh Amendment and shall be dismissed. Aholelei, 488 F.3d at 1147.

With respect to the Director, the Deputy Director, Warden Adams, and CMO Wong, Plaintiff may not seek to impose liability on executive, managerial, or supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his own misconduct. Iqbal, 129 S.Ct. at 1948-49. A supervisor may be held liable only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler

---

[2] These allegations appear to be set forth only to show the battle needed to obtain medical care in prison, as they do not relate to Plaintiff's other allegations.

3

1  II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v.
2  Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff's complaint is devoid of any facts
3  supporting a claim against the Director, the Deputy Director, Warden Adams, and CMO Wong
4  arising from their personal involvement in the violation of his rights.

        **C.**     **Eighth Amendment Medical Care Claim**

        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

        A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

        Plaintiff has adequately alleged the existence of conditions which require medical treatment and which are causing him chronic pain due to the absence of medical care. However, Plaintiff has not linked any of the defendants named in this action to the knowing disregard of a substantial risk of harm to his health. Farmer, 511 U.S. at 837. The Court will provide Plaintiff with the opportunity to amend to cure this deficiency.

///

### D. ADA and RA Claims

Plaintiff alleges violations of the ADA and the RA, but in a motion to amend filed on December 8, 2010, Plaintiff seeks to dismiss those claims.[3] Plaintiff's motion shall be granted and the claims shall be dismissed.

### E. Section 845.6 Claim

In addition to his federal claims, Plaintiff alleges a claim for violation of section 845.6 of the California Government Code. Prison personnel have a statutory duty to summon medical care under section 845.6, and they may be held liable if they know or have reason to know that a prisoner is in need of immediate medical care, but they fail to take reasonable action to summon such care. Cal. Gov't Code § 845.6 (West 2011); Lucas v. County of Los Angeles, 47 Cal.App.4th 277, 288 (Cal. Ct. App. 1996); Watson v. State, 21 Cal.App.4th 836, 841 (Cal. Ct. App. 1993); Zeilman v. County of Kern, 168 Cal.App.3d 1174, 1185-86 (Cal. Ct. App. 1985). To state a claim for violation of section 845.6, a plaintiff "must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summons such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). "Liability . . . is limited to serious and obvious medical conditions requiring immediate care," Watson, 21 Cal.App.4th at 841 (citations omitted), and the "section does *not* impose a duty to monitor the quality of care provided," Jett, 439 F.3d at 1099 (emphasis added).

Plaintiff's medical issues are ongoing and his claims arise from the failure to properly treat his condition. At issue in this action is the quality or appropriateness of the care provided to Plaintiff over time. Because the facts do not involve a situation in which immediate medical care was

///

---

[3] Indeed, Plaintiff's allegations do not support a claim under either the ADA or the RA. This action does not involve discrimination on the basis of a disability, and the quality of Plaintiff's medical care does not provide a basis upon which to impose liability under the ADA or the RA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

required for a sudden, serious medical need, Plaintiff's section 845.6 claim fails as a matter of law and it shall be dismissed.[4]

### F. Events at Lancaster

It does not appear that Plaintiff is attempting to pursue claims against Officer Palacios and MTA Banga for violating his rights while at Lancaster. However, to the extent the Court may be incorrect, those claims are dismissed, without prejudice. Venue for those claims is proper in the Central District of California, see Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding severance), and they are not related to Plaintiff's medical claims arising from the lack of treatment for pterygium and dry eye syndrome, George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).[5]

## III. Motion for Appointment of Counsel

In his complaint, Plaintiff seeks the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the

---

[4] In addition, Plaintiff fails to allege compliance with California's Tort Claims Act, which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit, and compliance must be alleged to state a claim. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). However, because the claim fails on its merits, leave to amend to cure this deficiency is unnecessary.

[5] "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).

complexity of the legal issues involved.  Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together. Palmer 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Therefore, Plaintiff's request for the appointment of counsel shall be denied.

### IV.    Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed December 8, 2010, is granted, and his ADA and RA claims are dismissed;

2. Plaintiff's motion for the appointment of counsel is denied;

7

3. The CDCR is dismissed from this action, with prejudice;

4. Plaintiff's official capacity claims for damages are dismissed from this action, with prejudice;

5. Plaintiff's section 845.6 claim is dismissed from this action, with prejudice, for failure to state a claim;

6. Plaintiff's complaint, filed December 17, 2009, is dismissed for failure to state a claim upon which relief may be granted;

7. The Clerk's Office shall send Plaintiff a civil rights complaint form;

8. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies in his Eighth Amendment medical care claim; and

9. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   February 10, 2011                       /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE