# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN, | CASE NO. 1:09-cv-02192-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF DISMISSAL OF CDCR |
| v. | |
| CDCR, et al., | (Doc. 12) |
| Defendants. | |

Plaintiff Robert Coleman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2009. On February 11, 2011, the Court screened Plaintiff's complaint, dismissed several claims pursuant to Plaintiff's notice of voluntary dismissal, dismissed other claims and parties without leave to amend for failure to state a claim, and dismissed the remainder of Plaintiff's complaint with leave to amend. Plaintiff seeks reconsideration of the dismissal of the California Department of Corrections and Rehabilitation (CDCR) from this action.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

1

1 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
2 motion," and "why the facts or circumstances were not shown at the time of the prior motion."

3       The Court dismissed CDCR on the ground that it is entitled to Eleventh Amendment
4 immunity. Plaintiff argues that he should be allowed to proceed against CDCR on his Eighth
5 Amendment claim under the theory of municipal liability. Plaintiff also argues CDCR should be
6 held liable for failing to train, supervise, and/or discipline its employees.

7       Municipal liability applies to cities and counties, which are persons under section 1983.
8 Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2018 (1978); Delia v. City
9 of Rialto, 621 F.3d 1069, 1081 (9th Cir. 2010). However, the state and arms of the state are not
10 persons under section 1983 and they are shielded from liability by the Eleventh Amendment. Will
11 v. Michigan Dep't of State Police, 491 U.S. 58, 64-71, 109 S.Ct. 2304 (1989); Pittman v. Oregon
12 Employment Dep't, 509 F.3d 1065, 1072 (9th Cir. 2007). Plaintiff's section 1983 claim against
13 CDCR is unequivocally barred by the Eleventh Amendment and dismissal was proper. Will, 491
14 U.S. at 64-71; Pittman, 509 F.3d at 1072.

15       Accordingly, Plaintiff's motion for reconsideration of the dismissal of CDCR from this action
16 is HEREBY DENIED.

18 IT IS SO ORDERED.
19 **Dated:   March 10, 2011**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE