# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN, | CASE NO. 1:09-cv-02192-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| CDCR, et al., | (Doc. 11) |
| Defendants. | ORDER THAT THIS DISMISSAL SHALL COUNT AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

## **Screening Order**

**I.  Procedural History**

Plaintiff Robert Coleman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2009. On February 11, 2011, the Court screened Plaintiff's complaint and issued an order dismissing Plaintiff's ADA and RA claims pursuant to his notice of voluntary dismissal; dismissing Defendant CDCR with prejudice; dismissing Plaintiff's official capacity claims for damages with prejudice; dismissing Plaintiff's claim for violation of California Government Code § 845.6 with prejudice; and dismissing Plaintiff's Eighth Amendment medical care claim, with leave to amend. (Doc. 10.) On March 7, 2011, Plaintiff filed an amended complaint.

**II.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**III.   Plaintiff's Amended Complaint**

    **A.   Summary of Allegations**

Plaintiff suffers from pterygium and dry eye syndrome (DES), and the denial of appropriate medical care for those conditions is at issue in this suit.[1] The events at issue occurred while Plaintiff was incarcerated at California State Prison-Corcoran (Corcoran). Plaintiff brings this action against the Doe Director of the California Department of Corrections and Rehabilitation (CDCR), the Doe

---

[1] Pterygium is a growth of the conjunctiva.

Deputy Director of the Health Care Services Division, Warden R. Lopez, Chief Medical Officer (CMO) J. Wang, and Dr. Brar for violation of his rights under the Eighth Amendment of the United States Constitution.

On May 31, 2006, while Plaintiff was incarcerated at California State Prison-Lancaster, a physician recommended that his pterygium be removed and that he be seen by an ophthalmologist.[2] Plaintiff was finally examined on May 10, 2007, and the ophthalmologist prescribed sunglasses but did not request removal of the pterygium.

Upon Plaintiff's arrival at Corcoran in 2007, he continued to be denied treatment for his pterygium. On September 15, 2008, a physician at Corcoran finally requested that Plaintiff be evaluated for pterygium surgery. Defendants Wang and Lopez authorized Plaintiff's temporary removal from Corcoran for an outside consultation, which occurred on October 28, 2008. The consultant, Dr. Yaplee, recommended that Plaintiff receive the pterygium surgery.

Plaintiff received surgery on his right eye on February 10, 2009. The surgeon directed that Plaintiff be provided with eye drops, ointment, eye patches, and a follow-up with a prison physician. Plaintiff alleges that these orders were disregarded. Plaintiff alerted prison nurses to his medical problem and the surgeon's orders, and he told them that he was experiencing excruciating eye pain and vision problems. They assured him they would check into his concerns, but he never received his medication or saw a prison physician.

On February 13, 2009, Plaintiff had a follow-up appointment at the outside medical facility. Plaintiff informed the doctor that prison medical personnel had not provided him with the medical care previously ordered. Plaintiff told the doctor about his excruciating eye pain and vision impairment, and the doctor re-ordered the eye medication.

On February 16, 2009, Plaintiff filed an inmate appeal grieving the failure to provide him with his prescribed medication and describing his severe eye pain. On February 24, 2009, Plaintiff submitted a sick call slip in order to see a doctor. A nurse documented Plaintiff's medical need as routine, which further delayed his access to medical care.

---

[2] The events at Lancaster do not form the bases for any claims this action, but the Court includes them in the summary to the extent they relate to Plaintiff's medical conditions.

3

On March 6, 2009, Defendant Wang authorized Plaintiff's removal from Corcoran for another follow-up with the outside medical provider. Plaintiff was seen on March 13, 2009, when more medication orders were issued and his severe eye pain and vision impairment were documented.

Plaintiff alleges that to date, he has not received pterygium surgery on his left eye. Plaintiff also alleges that Corcoran medical staff knew he had DES, which required the constant use of artificial tear drops, but Plaintiff had repeated problems obtaining the medication. Plaintiff was forced to file numerous sick call slips to obtain the medication and delays of days, weeks, and even months occurred.

Plaintiff alleges that prison officials were deliberately indifferent to his serious medical needs, and he seeks damages for the violation of his rights.

### B.     Eighth Amendment Medical Care Claim

#### 1.     Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two-part test requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference," and it may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner

///

1  to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060
2  (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

3  Stating a claim against managerial or supervisory personnel, as Plaintiff seeks to do here,
4  requires a showing of personal participation in the deprivation of rights. Iqbal, 129 S.Ct. at 1948-49;
5  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of
6  Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Liability may not be
7  imposed on managerial or supervisory personnel for violations committed by their subordinates
8  under the theory of *respondeat superior*, Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and
9  they may be held liable only if they "participated in or directed the violations, or knew of the
10 violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);
11 accord Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570
12 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th
13 Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

14 **2.   Discussion**

15 **a.   Serious Medical Need**

16 Plaintiff's allegations concerning his pterygium are sufficient to support a claim that he had
17 a serious medical need, Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); Doty v. County of
18 Lassen, 37 F.3d 540, 546 n.3 (9th Cir. 1994), and that he suffered severe pain and vision impairment
19 as a result of the failure to provide him with the medical care ordered by the outside physician,
20 McGuckin, 974 F.2d at 1060.[3] However, Plaintiff's conclusory allegation that he had DES and
21 experienced obstacles and delays in obtaining artificial tear drop medication is insufficient to support
22 a claim that prison officials failed to address a substantial risk of harm to his health, Lopez, 203 F.3d
23 at 1131; Doty, 37 F.3d at 546 n.3, and that he suffered further injury as a result, McGuckin, 974 F.2d
24 at 1060.
25 ///

---

[3] Even if Plaintiff had alleged sufficient facts to support the claim that DES was a serious medical need, his claim would fail for the reasons set forth in the following subsection.

5

b. **Deliberate Indifference**

1) **Defendants Doe 1, Doe 2, Lopez, and Wang**

Plaintiff is attempting to impose liability on the Director of CDCR (Doe 1), the Deputy Director of Health Care Services (Doe 2), Warden Lopez, and CMO Wang based on their failure to properly manage subordinate personnel. Plaintiff also alleges that these defendants breached the duty they owed him when they failed to ensure staff complied with the healthcare policy that resulted from the settlement agreement in Plata v. Brown, and that they recklessly disregarded orders issued by the Northern District of California which were intended to remedy inadequacies in the prison healthcare system.[4]

Defendants Doe 1, Doe 2, Lopez, and Wang may not be held liable based on their positions of authority within CDCR and Plaintiff has not alleged any facts linking them to acts or omissions which suggest they were personally involved in acting with deliberate indifference to Plaintiff's medical needs. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235.

Further, Plaintiff may not pursue a claim in this action based on the alleged failure of CDCR officials to comply with the Plata settlement agreement. Remedial orders issued in the Plata case do not provide Plaintiff with an independent cause of action under section 1983 because the orders do not have the effect of creating or expanding Plaintiff's constitutional rights. See Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights).

In determining whether Plaintiff states a claim, the Court looks to whether Plaintiff's factual allegations support his contention that his constitutional rights were violated rather than to simply whether or not there has been an alleged breach of an agreement in a different case. See Cagle, 334 F.3d at 986-87; Green, 788 F.2d at 1123; see also Garcia v. Stewart, No. C 06-6735 MMC (PR),

---

[4] The Court takes judicial notice Plata et al. v. Brown, et al., case number 3:01-cv-01351-TEH pending in the Northern District of California.

6

2009 WL 688887, at *7-8 (N.D.Cal. Mar. 16, 2009) (section 1983 claim based on non-compliance with Castillo agreement not cognizable).  Here, for the reasons set forth above, Plaintiff's amended complaint does not set forth sufficient facts to state a plausible claim for relief against Defendants Doe 1, Doe 2, Lopez, and Wang for the violation of Plaintiff's rights under the Eighth Amendment. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

### 2) Defendant Brar

Defendant Brar authorized Plaintiff's removal from Corcoran for the pterygium surgery, and Plaintiff alleges that he failed to ensure that Plaintiff received the medical care prescribed by the outside physician.  Plaintiff alleges that Defendant Brar knew or should have known of the existence of the orders.

These general allegations are insufficient to support a claim that Defendant Brar knowingly disregarded a substantial risk of harm to Plaintiff's health.  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

While this is the pleading stage, Plaintiff must nevertheless set forth sufficient facts to support a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.  The mere possibility of misconduct is not sufficient, as previously stated, and the Court finds that Plaintiff's allegations fail to state a claim against Defendant Brar. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

### IV. Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted against Defendants Doe 1, Doe 2, Lopez, Wang, and Brar for violation of his rights under the Eighth

Amendment. Plaintiff was previously given notice of the deficiencies in his claims and leave to amend, but he was unable to state a claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983, and this dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   June 30, 2011**                               /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE