# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COLEMAN, | CASE NO. 1:09-cv-02192-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | (Doc. 20) |
| CDCR, et al., | |
| Defendants. | |

Plaintiff Robert Coleman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 17, 2009. On July 1, 2011, the Court dismissed this action, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted against Defendants Doe 1, Doe 2, Lopez, Wang, and Brar for violation of his rights under the Eighth Amendment. On July 20, 2011, Plaintiff filed a motion seeking reconsideration.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

1    A motion for reconsideration should not be granted, absent highly unusual circumstances,
2 unless the district court is presented with newly discovered evidence, committed clear error, or if
3 there is an intervening change in the controlling law, and it may *not* be used to raise arguments or
4 present evidence for the first time when they could reasonably have been raised earlier in the
5 litigation. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
6 2009) (quotations marks and citations omitted) (emphasis in original).

7    The Court found that Plaintiff failed to allege sufficient facts to support his claim that
8 Defendants Doe 1, Doe 2, Lopez, Wang, and Brar acted with deliberate indifference to his medical
9 needs. Plaintiff's arguments fail to support his request for reconsideration, as he has not shown that
10 the Court erred in its application of the law to the facts. Plaintiff simply disagrees with the Court's
11 determination and he believes that Defendant Wang, as the Chief Medical Officer, should be held
12 liable for failing to ensure that the orders of outside physicians were followed and he was derelict
13 in his duties in failing to do so.

14    Plaintiff argues that because Defendant Wang arranged for him to be seen by an outside
15 physician, he violated Plaintiff's Eighth Amendment rights when that physician's orders were not
16 followed by prison medical staff. Plaintiff argues that Defendant Wang was "grossly negligent" in
17 failing to properly supervise prison medical staff, and that he is liable for failing to ensure that
18 Plaintiff's second surgery took place. Finally, in arguing that his allegations should have been more
19 liberally construed, Plaintiff relies on an older pleading standard, despite having been provided with
20 the current standard by the Court in two screening orders.

21    Under section 1983, Plaintiff must demonstrate that each named defendant personally
22 participated in the deprivation of his rights. Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1948-
23 49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City
24 of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
25 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat
26 superior. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Although prisoners proceeding pro
27 se in civil rights actions are still entitled to have their pleadings liberally construed and to have any
28 doubt resolved in their favor, the pleading standard is now higher. Hebbe v. Pliler, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted). Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Deliberate indifference under the Eighth Amendment is a high legal standard. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). A difference of opinion between medical personnel regarding treatment does *not* amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), and therefore, the allegation Defendant Wang failed to ensure that the outside physician's orders were followed in insufficient to support a claim.

The Court carefully reviewed Plaintiff's amended complaint and detailed the reasons Plaintiff failed to state a claim against Defendants Doe 1, Doe 2, Lopez, Wang, and Brar for violation of the Eighth Amendment. Plaintiff's motion fails to set forth any grounds entitling him to reconsideration of the order dismissing this action.

Accordingly, Plaintiff's motion is HEREBY ORDERED DENIED, with prejudice. No further motions for reconsideration will be considered and if one is filed, it will be summarily stricken from the record. At this juncture, further recourse lies with the appellate court.

IT IS SO ORDERED.

**Dated:   July 26, 2011**          /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE